### Huff and Another *v.* Walker, Guardian, &c.

Covenant. The writ designated the plaintiff as "guardian," &c. The declaration, which was founded upon a lease of real estate of the plaintiff's wards executed by him, commenced as follows: "*Jacob Walker,* who sues as guardian," &c. The plaintiff obtained leave to amend by striking out the words "who sues as," and cause continued at plaintiff's costs. *Held,* that there was no error in this.

The statutes of 1838 invested the guardian with power to lease the lands of his ward.

In 1843, *A.* leased to *B.* and *C.*, a tract of land lying wholly on the north side of the *Wabash* river, with a ferry upon the same, (being the only one at that point,) for two years. After the passage of the act of 1844, relative to ferries, *B.* purchased the land on the south side of the river, and applied, under said act, for the privilege of a ferry from said south side of the river. The application was granted, and an appeal taken by *A.* to the Circuit Court, which is still pending. *Held,* that these facts do not show an eviction.

ERROR to the *Tippecanoe* Circuit Court.

PERKINS, J.—Covenant, by *Jacob Walker* against *Edmund* and *John T. Huff*, upon a lease of real estate. Judgment below for the plaintiff. The præcipe and writ designate *Walker* as "guardian of *Richard* and *William Davis.*" The declaration, which is founded upon a lease of the real estate of said *Richard* and *William*, executed by said *Walker* as their guardian, commenced as follows: "*Jacob Walker*, who sues as guardian of *William Davis* and *Richard Davis*," &c. The plaintiff asked leave to amend by striking out the words "who sues as"; the defendant objected to its being granted. It was granted upon a

Nov. Term, 1848.

Huff
v.
Walker.

continuance of the cause to the next term, at the plaintiff's cost. The defendants excepted, and assign the leave to amend as the first error.

We think there was. no error in this. The contract upon which the suit was brought was one entered into with the plaintiff in his own name; though, in relation to the subject matter of his guardianship, he might have sued upon it, if indeed he could sue upon it at all, without mentioning his representative character, but such notice of that as was taken in this suit would be nothing more objectionable than surplusage. *Savage* v. *Meriam*, 1 Blackf. 176, and note.—*Helm* v. *Van Fleet*, id. 343. The point, however, is made in the case, and may as well be noticed here as elsewhere, that the lease in this case was void for want of power in the guardian to make it. The proposition is, that a guardian of the estate of an infant, appointed by the Probate Court, under our statute, cannot lease the lands of his ward. Had this case arisen since the statutes of 1843, there could have been no doubt upon the point under consideration, as they expressly invest the guardian with power, and make it the duty of the guardian to lease the lands of his ward; R. S. 1843, p. 699, s. 92; and we think the statutes of 1838 impliedly confer the same power. Section 51, p. 193, authorizes the Court to appoint guardians for the protection of the *estates* of minors, &c., in the counties "within which the same may be *mainly situated*." Section 54, p. 194, authorizes the Court upon the application of the guardian to permit him to sell the real estate of his ward, for better investment, &c. We think these sections give to the guardian the management of the real estate of the ward. We need not, therefore, inquire into his common law power in the premises.

The only remaining question requiring examination is, whether the lessees had been so far evicted from the. premises rented, as to justify them in abandoning them entirely and setting up the eviction in bar of an action on the covenant for rent. The facts are as follows: In *March*, 1843, *Walker*, as guardian, leased to the *Huffs*,

defendants below, a tract of land lying wholly on the

north side of the *Wabash* river, with the ferry and appurtenances upon the same, for two years. This ferry was the only one then existing at that point. The *Huff's* took possession. Afterwards, in 1844, the legislature passed this law: "That in all cases where ferry license shall have been granted to any one owning or claiming the land on only one side of said stream or river, within any county in this state, it shall be lawful, at any time, for the person or persons owning the same on the opposite side of said stream or water course, to give bond to the board doing county business in such manner as is required by law, for the keeping of a ferry, to take possession of the ferry on his, her, or their side of the stream to the opposite bank, and have and possess all the privileges of a ferry keeper across the same, to transport passengers from his side to the opposite side, with mutual privileges of landing with the ferryman on the other side." Laws of 1844, p. 101.

After its passage *John T. Huff*, one of the lessees from *Walker* of the land and ferry on the north side of the river, and a defendant below, purchased the land on the south side of the river, and applied, under the above act, for the privilege of a ferry from the south side of the stream. The privilege was granted, and an appeal taken from the grant, to the Circuit Court, by *Walker*, where it is still pending. On this grant being made to said *John T. Huff*, he and his co-lessee from *Walker*, gave him, *Walker*, notice that, on account of having been so evicted by him, said *John T. Huff*, from their ferry right under the lease from *Walker*, they abandoned the entire premises leased. They kept the ferry in operation afterwards, under, as they claim, the license to *Huff*. Said *Huff* set up the above facts, as an eviction, in defence to this writ by *Walker* for rent. We do not think this shows an eviction. The *Huff's* were left in possession of the ground and ferry they rented. The legislature authorized an act that, being done by a stranger, might diminish the profit of their ferry. If the legislature had the power to pass

that law, then we say the *Huffs* took the ferry subject to the contingency of such legislative action. If the legislature had not the power to pass the law, it is void and the grant of a ferry to *Huff* is a nullity and of course no eviction. The title to, and possession of, anything leased them by *Walker* remains. There was sufficient evidence in the case to prove the issue upon the plea of *non est factum*, in favor of the plaintiff.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Lockwood*, for the plaintiffs.

*A. M. Crane*, for the defendant.